# Hartsfield *et al. v.* Harvoley, Adm'r.

*Petition by Administrator for the Sale of Lands for the Payment of Debts.*

1. *Homestead exemption in favor of widow and minor children under § 2840 of the Code of 1876.*—The widow and minor children of a decedent who, a resident of this State, died intestate in 1878, owning no homestead, but occupying at the time of his death a rented dwelling, are entitled, under the provisions of section 2840 of the Code of 1876, to a homestead exemption in a lot and storehouse in a town, the only real estate of which the decedent died seized and possessed, and which was worth less than one thousand dollars, although the storehouse had never been occupied as a dwelling.

2. *Same; when estate insolvent, vests absolutely.*—In such case, the estate of the decedent being insolvent, the exemption vests absolutely in the widow and minor children under the provisions of section 2827 of the Code.

APPEAL from Sumter Probate Court.
Tried before Hon. W. R. DeLOACH.
The facts are sufficiently stated in the opinion. The proof

[Hartsfield et al. v. Harvoley, Adm'r.]

of the insolvency of the estate of James M. Hartsfield, deceased, consisted of an admission of counsel that "said estate is insolvent." It does not appear from the record when the debts, for the payment of which the lot was sought to be sold, were contracted; and no question on that point was made in the Probate Court.

THOS. B. WETMORE, for appellant.—(No brief came to the hands of the reporter.).

WATTS & SONS, with whom were SPROTT & ALTMAN, *contra.* (1) Section 2840 of the Code of 1876 is a part of an act of the legislature approved on 9th February, 1877. Prior to the approval of that act all the lands of a decedent, except the homestead allowed by law prior to that time, were liable to be sold for the payment of debts. It was only the place used as a homestead and occupied as such, that could be held by the widow or minor children of the decedent. All other lands owned by him at the time of his death were liable to the payment of his debts. As to debts contracted prior to the approval of the act of 9th February, 1877, the legislature could not constitutionally enlarge the homestead, or extend it so as to embrace real estate not before that time exempt. In order then to show that the land now sought to be sold for the payment of debts, can be selected as a homestead, it must be shown, that the debts were contracted after the 9th February, 1877. This is not shown by the record. For the purpose of sustaining the decree of the Probate Court, this court will presume that the debts were contracted prior to the 9th February, 1877. (2) Section 2840 of the Code does not seem to contemplate, that a *storehouse,* used for the sale of goods at and before the death of the deceased, could be selected as a homestead, but only such land as might be used as a *dwelling* or *homestead*— land *fit for a homestead for the family.* (3) But if a storehouse could be selected as a homestead under that section of the Code, it would still be liable to be sold for the payment of debts, subject to any right of the widow and children, which could only exist during the life of the widow or the minority of the children.—Code of 1876, § 2821.

STONE, J.—James M. Hartsfield died intestate in 1878, a resident, at the time, of the county of Sumter, State of Alabama. He left surviving him a widow and minor children, and his estate is insolvent. He owned no homestead, but occupied a rented dwelling. At the time of his death he owned a lot and storehouse in the town of Belmont in Sumter county, worth less than one thousand dollars, and he owned no other

[Tanner v. Thomas.]

lands. The testimony values the property at about three hundred and fifty dollars. The administrator petitioned for an order to sell the lot and storehouse for the payment of the debts of the estate, and the widow contested the application on the ground that she selected the same for a homestead under the statute. The proof shows no other material facts in the case, except that the said storehouse had never been occupied as a dwelling. On this ground it is contended that the claim of homestead is invalid. We think the case falls directly within the statute; and the estate being insolvent, it vests absolutely in the widow and minor children.—Code of 1876, §§ 2840, 2827. The petition ought to have been dismissed.

Reversed; and proceeding to render the decree the Probate Court should have rendered, it is ordered and decreed that the petition be dismissed at the costs of the petitioner. Let the appellee pay the costs of appeal in the court below and in this court.